# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JAMES VEREEN, )
                              )
    Movant, )
                              )
v. ) Case No. CV407-169
                              )      [CR406-009]
UNITED STATES OF AMERICA, )
                              )
    Respondent. )

## REPORT AND RECOMMENDATION

James Vereen has moved to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 1.)[1] The government has responded in opposition to the motion. (Doc. 6.) For the following reasons, the motion should be **DENIED**.

## I. BACKGROUND

On January 11, 2006, a federal grand jury indicted movant for knowingly and intentionally possessing with intent to distribute

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV407-169. "Cr. doc." refers to documents filed under movant's criminal case, CR406-009.

approximately two kilograms of cocaine hydrochloride. (Cr. doc. 1.) A superseding indictment, filed on July 13, 2006, added the charge of conspiracy to distribute five kilograms or more of cocaine hydrochloride. (Cr. doc. 39.) On December 20, 2006, movant pled guilty to the possession count. (Cr. doc. 54.) The Court sentenced movant to 162 months' imprisonment, five years' supervised release, and a $100 special assessment. (Cr. doc. 55.)

On June 5, 2007, movant appealed contending that the district court erred by relying on the testimony of government witness Tralvin Bethel in determining his sentence. United States v. Vereen, 227 F. App'x 869, 871 (11th Cir. 2007). The Eleventh Circuit affirmed his conviction and sentence. Id. Movant did not file a petition for certiorari with the United States Supreme Court. (Doc. 1 at 3.)

Movant is currently incarcerated at the Federal Correctional Institution in Miami, Florida. (Id. at 1.) His timely 28 U.S.C. § 2255 motion was filed on November 8, 2007, asserting the following grounds for relief:

    (1) the evidence was obtained pursuant to an unreasonable search and seizure,

(2) ineffective assistance of trial counsel,
(3) ineffective assistance of appellate counsel for failing to argue the suppression issues on direct appeal,
(4) the prosecution delayed in providing an allegedly "manufactured" videotape to the defense,
(5) the sentencing court incorrectly enhanced the guidelines applicable to movant, and
(6) the sentencing court should not have relied on Bethel's testimony.

(Doc. 1, Memo at 1-22.)

## II. ANALYSIS

### A. Procedural Default

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting the claim in a § 2255 proceeding." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004). Movant raises several grounds for relief that could have been, but were not, asserted on direct appeal: that the evidence in his case was obtained pursuant to an unlawful search and seizure, that the prosecution improperly delayed producing a "manufactured" videotape to the defense, and that the sentencing court improperly enhanced his guidelines

3

sentence. Because movant makes no claim of actual innocence and does not allege cause for not raising these claims on direct appeal, he is procedurally barred from presenting them in this § 2255 proceeding. Id.

### B. Bethel's Testimony

Movant claims that the sentencing judge improperly relied on the testimony of a government witness in determining his sentence. (Doc. 1, Memo. at 20-21.) On direct appeal, movant challenged the sentencing judge's calculation of his base offense level, arguing that his accomplice, Tralvin Bethel, was not a credible witness and that the district judge erred by relying on his testimony in calculating the drug quantity attributable to movant. Vereen, 227 F. App'x at 871. The Eleventh Circuit affirmed the sentence, finding that the judge's calculation was not clearly erroneous. Id.

"Absent extraordinary circumstances, this Court is precluded from considering claims in a Section 2255 motion which were raised and rejected on direct appeal." Davis v. United States, 417 U.S. 333, 342 (1974); United States v. Nyhuis, 211 F.3d 1340, 1343

(11th Cir. 2000); <u>Marshek v. United States</u>, 2006 WL 2036996, at *7 (S.D. Ga. July 18, 2006). Since movant fails to allege any "extraordinary circumstances" justifying reconsideration of issues previously considered and rejected by the Eleventh Circuit, his claim regarding the reliance of the sentencing court on Bethel's testimony should fail.

### C. Ineffective Assistance of Counsel

While a defendant must normally advance an available challenge to a criminal conviction or sentence on direct appeal or else he is barred from presenting that claim in a § 2255 proceeding, claims of ineffective assistance of counsel are not subject to the procedural default rule. Because of the unique aspect of such claims, "an ineffective assistance of counsel claim may be brought in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal." <u>Massaro v. United States</u>, 538 U.S. 500, 504 (2003). Thus, the Court is obligated to analyze movant's claims that his trial and appellate attorneys rendered ineffective assistance.

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court created a two-prong test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id.

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 690. The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689.

Under the second prong, a movant must establish that there is a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Lightbourne v. Dugger, 829 F.2d 1012, 1022 (11th Cir. 1987); Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1983).

The Supreme Court has held that the same Strickland test applies to claims of ineffective assistance of appellate counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Smith v. Murray, 477 U.S. 527, 535-36 (1986). In Jones v. Barnes, 463 U.S. 745 (1983), however, the Court held that the Sixth Amendment does not require appellate advocates to raise every nonfrivolous issue. Effective counsel should "'winnow out' weaker arguments even though the weaker arguments may be meritorious." Id. at 751-52. With these considerations in mind, the Court will now address movant's ineffective assistance claims.

### 1. Trial Counsel

Movant contends that his appointed counsel, John Tatum, was "sua sponte" replaced with another attorney from the same firm, Bates Lovett, thereby creating a conflict of interest. (Doc. 1, Memo. at 6-9.) His contention that the "replacement" of Tatum constituted ineffective assistance of counsel is clearly without merit. The Court appointed Tatum to represent movant, and Tatum enlisted Lovett to assist him with movant's defense. (Cr. doc. 15-16.) After Lovett's appearance, Tatum continued to represent movant, including representing him during an evidentiary hearing on his motion to suppress. (Cr. doc. 22, 28.) Enlisting the services of an experienced criminal lawyer in the same firm to assist with movant's defense created no conflict of interest, and the utilization of this additional legal talent could only have helped, rather than hindered, movant's defense.[2] Therefore, movant's contention regarding "replacement" of his trial counsel clearly fails.

---

[2] See Hunter Maclean, http://huntermaclean.com/entries/view/58 (last visited Apr. 15, 2008) (noting that Mr. Lovett previously worked as an assistant district attorney for Cobb and Rockdale Counties).

Movant next argues that Mr. Lovett acted ineffectively because "he did not want to pursue a motion to suppress." (Doc. 1, Memo. at 7.) Regardless of how his attorneys felt about pursuing the suppression motion, it is clear that they filed a motion to suppress and argued in favor of suppression at an evidentiary hearing conducted on April 19, 2006. (Cr. docs. 17, 22, 24.) The Court therefore finds that, contrary to movant's contention, his counsel did not act deficiently with regards to pursuing the motion to suppress.

Movant also contends that his trial counsel acted ineffectively by requesting a continuance without his approval. (Doc. 1, Memo. at 7.) On March 28, 2006, the government requested a continuance, with defense counsel's consent, so that the government and defense would have time in which to review the videotape from the patrol vehicle that stopped defendant. (Cr. doc. 18.)[3] Once again, defense counsel did not act deficiently in consenting to the motion to continue, since the continuance

---

[3] In their motion to continue, the government noted that despite "vigorous" efforts, they had just obtained the tape and were providing it to defense counsel that day. (Id.)

allowed counsel time to review the videotape. Accordingly, the Court finds that counsel did not act ineffectively by consenting to the government's motion for a continuance.

Movant next argues that his counsel acted ineffectively by failing to have the videotapes recording his traffic stop analyzed to see if they had been tampered with. (Doc. 1, Memo. at 10.) After movant's first suppression hearing, he wrote a letter to the Court claiming that the videotape the Court viewed during the evidentiary hearing was "undoubtable [sic] altered," and asked for another hearing so that he could present "uncontroverted evidence" that the officers had committed perjury and "tamper[ed] with evidence to get a conviction." (Cr. doc. 30.) The Court scheduled a hearing at which movant's attorney informed the magistrate judge that a second videotape of the traffic stop, taken from Officer Strickland's vehicle, had been obtained. (Cr. doc. 35 at 3.) The Court postponed the hearing so that the government could view the second videotape. (Id.) After reviewing both videotapes, the Court acknowledged that the first videotape, taken from Trooper Mock's vehicle, was defective. (Id. at 6.) However,

the Court then evaluated the second videotape, which was not defective. (Id.) Contrary to movant's contentions, it is clear that his defense counsel watched both videotapes and did not act unreasonably in failing to have them analyzed. (Id.; Doc. 1, Memo. at 7.) Although a camera malfunction made the first videotape defective, movant's contention that it was "altered" is unfounded. Therefore, his trial counsel did not perform ineffectively by failing to have it analyzed.

Finally, movant argues that his trial counsel acted ineffectively by failing to call Trooper Strickland and Officer Cross as witnesses at the suppression hearing. (Doc. 1, Memo. at 10.) He contends that had they testified, "their testimony would have contradicted Officer Mock's sworn testimony." (Id.) "Generally, trial tactics are for defense counsel to formulate[,] [and] the decision as to which witnesses to call is an aspect of trial tactics that is normally entrusted to counsel." Blanco v. Singletary, 943 F.2d 1477, 1495 (11th Cir. 1991); United States v. Teague, 953 F.2d 1525, 1536 (11th Cir. 1992). The decision to call some witnesses and not others is "the epitome of a strategic decision." Temple v.

11

Morton, 2007 WL 2141823, at *2 (11th Cir. July 27, 2007) (quoting Waters v. Thomas, 36 F.3d 1506, 1512 (11th Cir. 1995)). "In order to show that an attorney's strategic choice was unreasonable, a petitioner must establish that no competent counsel would have made such a choice." Provenzano v. Singletary, 148 F.3d 1327, 1332 (11th Cir. 1998); Garvin v. United States, 2006 WL 3254493, at *7 (S.D. Ga. Nov. 8, 2006). Since courts give great deference to choices made by defense counsel at trial that are arguably dictated by a reasonable trial strategy, strategic choices made after a thorough investigation of the law and facts are virtually unchallengeable. Strickland, 466 U.S. at 690-91; Jennings v. McDonough, 490 F.3d 1230, 1244 (11th Cir. 2007); Stephenson v. Kemp, 2007 WL 2874319, at *9 (S.D. Ga. Sept. 26, 2007); Blankenship v. Terry, 2007 WL 4404972, at *7 (S.D. Ga. Dec. 13, 2007). Movant fails to delineate how Strickland and Cross would have contradicted Officer Mock's testimony. Accordingly, he has failed to show that counsel's decision not to call them as witnesses was unreasonable and has failed to show any resulting prejudice; therefore, this claim should fail.

### 2. *Appellate Counsel*

Prior to pleading guilty, movant retained attorney Diane McLeod to represent him. (Cr. doc. 51.) McLeod represented movant through sentencing and on direct appeal. Movant now argues that McLeod performed ineffectively by failing to raise suppression issues on direct appeal. (Doc. 1, Memo at 13.)

"A defendant's [unconditional] plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997) (citing United States v. Yunis, 723 F.2d 795, 796 (11th Cir. 1984); see also United States v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003); United States v. Fairchild, 803 F.2d 1121, 1124 (11th Cir. 1986) (per curiam). "A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a 'conditional guilty plea' in accordance with Federal Rule of Criminal Procedure 11(a)(2)." Pierre, 120 F.3d at 1155. Here, movant knowingly and

13

voluntarily, with the benefit of competent counsel, entered into an unconditional plea agreement. (Cr. doc. 54; Doc. 6 at 9.) Because movant did not enter a conditional guilty plea, his appellate attorney was foreclosed from arguing the suppression issues on direct appeal. United States v. White, 136 F. App'x 227, 228 (11th Cir. 2005) ("A district court's refusal to suppress evidence is non-jurisdictional and is waived by a guilty plea."). Accordingly, McLeod did not perform deficiently by failing to argue the meritless issue on appeal, and this ground for relief fails.

## III. CONCLUSION

For the foregoing reasons, the Court finds that movant fails to state grounds on which § 2255 relief may be granted. Accordingly, the instant motion should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this __8th__ day of May, 2008.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA